| DANIEL MAYET | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 17-9568 |
| ENERGY XXI GIGS SERVICES, L.L.C., et al. | SECTION: "G" (2) |

## ORDER AND REASONS

Pending before this Court is Defendants' Energy XXI GOM, LLC and Energy XXI Services, LLC (collectively, "Defendants" or "Energy XXI") "Motion for Summary Judgment."[1] In this litigation, Plaintiff Daniel Mayet ("Plaintiff") alleges that Defendants are liable for a personal injury sustained while working aboard Defendants' mineral exploration and production platform.[2] Accordingly, Plaintiff brings claims under Louisiana State Law, General Maritime Law, and the Outer Continental Shelf Lands Act.[3] In the instant motion, Defendants argue that they did not owe a duty to Plaintiff under Louisiana law because Defendants did not expose Plaintiff to unreasonable risks of harm and are not responsible for injuries resulting from conditions that were "open and obvious."[4] Having considered the motion, the memoranda in support and opposition, the records and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 62.

[2] Rec. Doc. 1 at 1.

[3] *Id.* at 2.

[4] Rec. Doc. 62-1.

# I. Background

## A. *Factual Background*

This matter arises out of injuries Plaintiff Daniel Mayet ("Plaintiff") allegedly sustained on September 24, 2016 on a mineral exploration and production platform identified as West Delta 31E ("WD 31E").[5] The platform was owned by Defendants.[6] Plaintiff was employed by Wood Group PSN, Inc. ("Wood Group") as lead operator on the platform.[7] Plaintiff had begun working on WD 31E approximately 18 days prior to the date of his alleged injury.[8] Plaintiff alleges that he and other Wood Group employees were using the platform's crane to receive cargo boxes from a vessel.[9] While attempting to place a stinger on the platform's stinger rack, Plaintiff asserts that he sustained a hernia and injury to his back requiring surgery.[10] Plaintiff asserts that the location and configuration of the stinger rack and configuration of platform equipment, specifically the location of a speaker in the area where the cargo box was to be placed, "constituted an unsafe and unreasonably dangerous condition."[11]

Plaintiff further alleges that "[s]hortly thereafter, Plaintiff and another worker were walking from the area . . . when he tripped on a piece of plat iron and fell forward striking a well."[12]

---

[5] Rec. Doc. 1 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3–4.

[11] *Id.*

[12] *Id.* at 3.

Plaintiff asserts that this fall caused additional pain in his groin and back.[13] Plaintiff alleges that the location of the plate iron in the pathway constituted a dangerous unsafe condition.[14]

**B.      *Procedural Background***

Plaintiff filed the Complaint on September 25, 2017, bringing claims against Defendants Energy XXI Gigs Services, L.L.C., Energy XXI GOM, L.L.C., Energy XXI Gulf Coast, Inc., Energy XXI Leasehold, L.L.C., Energy XXI Onshore, L.L.C., Energy XXI Pipeline, LLC, Energy XXI Pipeline II, L.L.C., Energy XXI Services, L.L.C., Energy XXI Texas Onshore, L.L.C., Energy XXI USA, Inc. under Louisiana State Law, General Maritime Law, and the Outer Continental Shelf Lands Act.[15] On February 26, 2018, Plaintiff and Defendants filed a Joint Motion of Dismissal.[16] On March 16, 2018, the Court granted the motion and dismissed all of the Energy XXI entities, except for Energy XXI GOM, L.L.C. and Energy XXI Services, L.L.C.[17]

On November 19, 2018, Defendants filed a Motion for Summary Judgment, arguing that Plaintiff's claims are barred due to his status as a "borrowed employee."[18] On February 11, 2019, the Court denied the motion, finding that there were issues of material fact in dispute regarding the control the parties exercised and the force of a contract provision purporting to prohibit borrowed employee status.[19]

---

[13] *Id.*

[14] *Id.*

[15] *Id.* at 2.

[16] Rec. Doc. 16.

[17] Rec. Doc. 18.

[18] Rec. Doc. 29 at 1.

[19] Rec. Doc. 49 at 21.

On July 31, 2019, Defendants filed the instant Motion for Summary Judgment.[20] On August 20, 2019, Plaintiff filed an opposition to the instant motion.[21] On August 30, 2019, with leave of Court, Defendants filed a reply to Plaintiff's opposition.[22]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion for Summary Judgment*

In the instant motion, Defendants argue that they did not owe a duty to Plaintiff under Louisiana law because Defendants did not expose Plaintiff to unreasonable risks of harm and are not responsible for injuries resulting from conditions that were "open and obvious."[23] According to Defendants, "[t]here is no genuine issue of material fact that: (1) the location of the speaker above the stinger rack was open and obvious to Plaintiff and everyone else, and did not create an unsafe and unreasonable risk of harm, and (2) that a clearly marked iron plate painted bright yellow on the deck of the platform was open and obvious, could have been avoided by walking around it using reasonable care, and did not create an unreasonable risk of harm to the Plaintiff."[24] Accordingly, Defendants argue that they are entitled to judgment in their favor as a matter of law.[25]

Defendants argue that the location of the speaker above the stinger rack did not create an unreasonable risk of harm.[26] Defendants argue that Plaintiff was aware of the potential risk of

---

[20] Rec. Doc. 62.

[21] Rec. Doc. 73.

[22] Rec. Doc. 88.

[23] Rec. Doc. 62-1 at 1.

[24] *Id.* at 9.

[25] *Id.*

[26] *Id.* at 12.

4

lifting the forty pound stinger onto the rack, based on his years of experience and his signing of the Job Safety Analysis (JSA) wherein Plaintiff acknowledged the potential risk of the task.[27] Defendants analogize this case to *Dauzat v. Curnest Guillot Logging Inc.*[28] There, Defendants argue, the court determined that a logging truck driver was aware of the condition of a logging road with holes.[29] The court concluded that based on the Plaintiff's experience, the presence of the hole in the logging road was an obvious danger.[30] Defendants argue that, like the plaintiff in *Dauzat*, Mayet had years of experience working in his industry and knew of the risks associated with manually lifting the stinger.[31] Therefore, Defendants argue that the location of the speaker did not create an unreasonably dangerous condition because it was open and obvious.[32]

Next, Defendants argue that the iron plate on the pathway of the platform that Plaintiff allegedly tripped over did not create an unreasonable risk of harm.[33] Defendants argue that Plaintiff's co-worker testified that the plate was painted yellow to signify that it was a tripping hazard.[34] Furthermore, Defendants argue that the utility of the plate in covering a large hole in the floor of the platform outweighs its potential harm.[35] Lastly, Defendants point to Plaintiff's

---

[27] *Id.* (citing Rec. Doc. 62-2, at 38-39; Rec. Doc. 62-5).

[28] *Id.* at 18 (citing 08-0528 (La. 12/02/08); 995 So. 2d 1184, 1186).

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 19.

[33] *Id.*

[34] *Id.* at 20 (citing Rec. Doc. 62-3 at 73).

[35] *Id.* at 22.

deposition testimony stating that he had previously seen the yellow plate, but that when he tripped over it, he was dragging his feet.[36] Defendants cite two Louisiana appellate court cases which they argue show that plaintiffs are typically barred from recovering for injuries resulting from an open and obvious condition in trip and fall cases.[37] Because the plate was an open and obvious condition, Defendant's argue they should not be held liable to Plaintiff for his injuries resulting from tripping over it.[38]

## B.     *Plaintiff's Arguments in Opposition to the Motion for Summary Judgment*

In response, Plaintiff argues that summary judgment must be denied because: (1) there are disputed issues of material fact as to whether the location of the speaker created an unreasonably dangerous condition under the circumstances and (2) the potential danger of the location of the speaker was not open and obvious to all who may have encountered it.[39]

First, Plaintiff argues that there are disputed issues of material fact as to whether the location of the speaker created an unreasonably dangerous condition under the circumstances.[40] Plaintiff argues that the post-accident Investigation Report shows that the root cause of the accident was the location of the speaker above the stinger rack, which interfered with the use of the crane.[41] In support, Plaintiff cites the expert report of Robert Borison, which states that Defendants should

---

[36] *Id*. at 22–23 (citing Rec. Doc. 62-2 at 117-20).

[37] *Id*. at 23–25 (citing *Mansoor v. Jazz Casino Co., LLC*, 2012-1546 (La. 09/21/12); 98 So. 3d 795, 795; *Williams v. Liberty Mut. Fire Ins. Co.*, 217 So. 3d 421, 427 (La. Ct. App. 2017)).

[38] *Id*. at 25.

[39] Rec. Doc. 73 at 9–15.

[40] *Id*. at 14.

[41] *Id*. (citing Rec. Doc. 73-2).

have performed a hazard analysis at the time the speaker was placed above the stinger rack.[42] According to Plaintiff, Mr. Borison stated that a hazard analysis would have revealed that the speaker interfered with the use of the crane.[43] Lastly, Plaintiff argues that based on the recommendation from the post-accident investigation, Defendants did in fact remove the speaker from above the stinger rack and placed it in another location.[44] In sum, Plaintiff argues that under Louisiana law, which provides that the determination of whether a condition is unreasonably dangerous is to be made by the trier of fact, there are disputed issues of material fact that preclude summary judgment with regard to the location of the speaker.[45]

Plaintiff next argues that the danger presented by the location of the speaker was not open and obvious to all who may encounter it.[46] While Plaintiff concedes that the speaker was plainly visible, Plaintiff argues that its potential interference with the operation of the crane was not open and obvious to all.[47] Rather, Plaintiff argues that it is not until the crane is in operation that the hazard is revealed.[48] Plaintiff further argues that he was not present at the start of crane operation and therefore did not participate in the initial decision about which stinger to use.[49] Plaintiff also

---

[42] *Id.* (citing Rec. Doc. 73-4 at 7; Rec. Doc. 73-4).

[43] *Id.* (citing Rec. Doc. 73-4 at 7; Rec. Doc. 73-4).

[44] *Id.* at 15 (citing Rec. Doc. 73-10 at 106).

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 15–16.

argues that he had not previously been called upon to remove or replace a stinger from this rack.[50] Plaintiff contends that his lack of participation shows that the potential dangerousness of the condition was not open and obvious to everyone who encountered it.

Plaintiff analogizes to several cases where district judges in the Eastern District of Louisiana denied summary judgment on the issue of whether a danger was open and obvious.[51] Plaintiff argues that in this case, genuine issues of material fact preclude summary judgment.[52] Plaintiffs points to the accident report, which concluded that the location of the speaker caused or contributed to Plaintiff's injuries and to the statements by Plaintiff's expert, Mr. Borison, who argues that Defendant should have conducted a hazard analysis.[53] Plaintiff argues that the JSA for the crane operation at issue was pre-completed and did not contain any information about the speaker, despite purportedly identifying all potential hazards.[54]

Finally, with regard to the iron plate, Plaintiff presents his expert's opinion that the manner in which Defendants addressed the iron plate covering the hole on the platform was insufficient to abate the hazard.[55] Plaintiff relies on Mr. Borison's opinion that Defendants should have replaced

---

[50] *Id.* at 16 (citing Rec. Doc. 73-8).

[51] *Id.* at 16–18 (citing *Thomas v. W&T Offshore, Inc.*, No. 16-14694, 2018 WL 1805928, at *3 (E.D. La. Apr. 16, 2018); *Strong v. Shell Oil Co.*, No. 17-7625, 2019 WL 1057054, at *3 (E.D. La. Mar. 6, 2019); *Soto v. Trinity Fabrication, L.L.C.*, No. 09-5825, 2010 WL 4363785, at *1 (E.D. La. Oct. 22, 2010)).

[52] *Id.* at 18.

[53] *Id.*

[54] *Id.* at 19.

[55] *Id.* at 20.

the plates with a thinner plate.[56] Accordingly, Plaintiff asserts that there are genuine issues of material fact in dispute precluding summary judgment.[57]

## C.   *Defendants' Arguments in Further Support of the Motion for Summary Judgment*

In reply, Defendants again argue that the location of the speaker, the risk of lifting of the stinger, and the iron plate Plaintiff tripped over were all open and obvious conditions under Louisiana law.[58] Defendants argue that Plaintiff's deposition testimony shows he was aware of the presence of the speaker and of the potential risk associated with lifting a heavy object and placing it on a stinger rack.[59] Defendants argue that the potential risk of manually lifting the stinger is an open and obvious condition that anyone in the same position would have recognized.[60] Defendants argue that manually lifting heavy objects is an inherent part of a platform worker's job, as evidenced by Plaintiff's co-worker's testimony.[61]

Regarding the iron plate Plaintiff tripped over, Defendant's argue that Plaintiff's expert does not consider that a person exercising reasonable care would not have tripped over a yellow plate.[62] Defendants argue the plate is an open obvious condition because: (1) the plate was painted yellow; (2) Plaintiff knew the plate was there; (3) Plaintiff and his co-workers acknowledged that tripping hazards on Defendants' platform are painted red and yellow; (4) Plaintiff chose to walk

---

[56] *Id*. (citing Rec. Doc. 73-4 at 8).

[57] *Id*. at 20–21.

[58] Rec. Doc. 88 at 3.

[59] *Id*. at 3–4 (citing Rec. Doc. 88-1 at 107–108, 11–12).

[60] *Id*. at 6.

[61] *Id*. at 8 (citing Rec. Doc. 88-2 at 75–78).

[62] *Id*. at 9.

over the plate even though he could have walked around the plate; (5) Plaintiff admitted he was dragging his feet when he tripped; (6) Plaintiff had a duty to observe his surroundings and ensure his pathway was clear; and (7) Plaintiff had a duty to exercise reasonable care.[63] Defendants argue that because the plate was clearly labeled and marked, it provided adequate warning of an open and obvious condition to all individuals who may have encountered it.[64] Therefore, Defendants argue that there are no genuine issues of material fact in dispute and summary judgment is appropriate.[65]

### III. Legal Standard

#### A. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[66] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[67] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[68]

---

[63] *Id.*

[64] *Id.*

[65] *Id.*

[66] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[67] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[68] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[69] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[70]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[71] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[72] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[73] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[74] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is

---

[69] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[70] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[71] *Celotex*, 477 U.S. at 323.

[72] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[73] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[74] *Little*, 37 F.3d at 1075.

sufficient to permit a reasonable trier of fact to find for the nonmoving party.[75] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[76] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[77] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[78]

## B.   *Legal Standard on Negligence and an Unreasonably Dangerous Condition*

The parties agree that this case is governed by Louisiana law because it arises under the Outer Continental Shelf Lands Act ("OCSLA") which "adopts the law of the adjacent state (Louisiana) as surrogate federal law."[79] Louisiana Civil Code article 2315 states, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Louisiana courts use the duty-risk analysis to determine recovery under Article 2315.[80] "For liability to attach under the duty-risk analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm or damages, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the

---

[75] *Anderson*, 477 U.S. at 248.

[76] *Little*, 37 F.3d at 1075.

[77] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[78] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[79] *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003).

[80] *Brown v. City of Monroe*, 48,764 (La. App. 2 Cir. 2/26/14); 135 So. 3d 792, 796 (citing *Barrino v. East Baton Rouge Parish School Bd.*, 96–1824 (La. App. 1 Cir. 06/20/97); 697 So. 2d 27).

scope of protection afforded by the duty breached."[81] "The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law."[82]

In evaluating whether a duty is owed, Louisiana courts generally utilize a risk-utility balancing test to determine whether a condition is unreasonably dangerous.[83] The four pertinent factors are: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature."[84] The second factor of the test "focuses on whether the dangerous or defective condition is obvious and apparent."[85] Under Louisiana law, when a condition is deemed "open and obvious" it does not, as a matter of law, constitute an unreasonably dangerous condition.[86] Accordingly, defendants generally have no duty to protect against open and obvious

---

[81] *Dennis v. Wiley*, 09–236 (La. App. 2 Cir. 9/11/09); 22 So. 2d 189 *Hardy v. Bowie*, 98–2821 (La. 9/8/99), 744 So.2d 606, 613.

[82] *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14); 171 So. 3d 851, 855 (internal citations omitted).

[83] *Id.* at 856.

[84] *Dauzat v. Curnest Guillot Logging Inc.*, 08-0528 (La. 12/2/08); 995 So. 2d 1184, 1186–87; *but see Allen v. Lockwood*, 14-1724 (La. 2/13/15); 156 So. 3d 650, 652 (La. 2015) (per curiam) (clarifying that risk-utility balancing test "pertained to cases that were tried either by judge or jury" and is therefore not necessary at the summary judgment stage); *see also Butler v. Int'l Paper Co.*, 636 F. App'x 216, 219 (5th Cir. 2016) (unpublished) ("The Louisiana Supreme Court, however, recently clarified that the application of the risk-utility balancing test is not necessary at the summary judgment stage.").

[85] *Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 10 (La. 4/5/13); 113 So. 3d 175, 184.

[86] *George v. Nabors Offshore Corp.*, 464 F. App'x 298, 301 (5th Cir. 2012); *see also Eisenhardt v. Snook*, 08-1287 (La. 3/17/09); 8 So. 3d 541, 544–45 (La. 2009) (per curiam) (recognizing that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.").

hazards.[87] Summary judgment is appropriate where no legal duty is owed because a complained-of condition is open and obvious to all and therefore, not unreasonably dangerous.[88]

However, under Louisiana law, whether a dangerous condition is "open and obvious" is a question of fact.[89] "[W]hile a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard."[90] In discussing the overlap between the judge's role as lawgiver and the jury's role as finder of fact for mixed question of law and fact, the Louisiana Supreme Court explained that "the question of whether a defect presents an unreasonable risk of harm [is] 'a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.' As a mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous."[91]

Under Louisiana law, the relevant inquiry is not whether the hazard is open and obvious to the specific injured party, but whether the hazard is open and obvious to *all*, meaning anyone who may potentially encounter it.[92] "[T]he victim's actual or potentially ascertainable knowledge is

---

[87] *Eisenhardt*, 8 So. 3d at 544-45 (finding that a landowner, under Louisiana law "is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner.").

[88] *Allen*, 156 So. 3d at 653.

[89] *Broussard*, 113 So. 3d at 185.

[90] *Id.*

[91] *Id.* at 183 (quoting *Reed v. Wal-Mart Stores, Inc.*, 97-1174, p.4 (La. 3/4/98); 708 So. 2d 362, 364).

[92] *See Id.* at 188 (La. 2013) ("[I]n order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition.").

not the focus of the inquiry.[93] This principle "serves an invaluable function, preventing concepts such as assumption of the risk from infiltrating our jurisprudence."[94] However, "in considering a defendant's duty to a particular person, consideration should be given to the person's age, maturity, experience, familiarity with the premises and its dangers, and other such factors which might increase or decrease the risk of harm to that person."[95] For example, in *George v. Nabors Offshore Corporation*, the Fifth Circuit found that the danger posed by hoses piled on a platform "was particularly obvious to [the plaintiff] considering his considerable offshore platform experience."[96] While the plaintiff's awareness of the hazard may lead to the inference that others were similarly aware of its presence[97] the Louisiana Supreme Court has reiterated that it is a question of "global knowledge."[98] Defendants need not produce evidence of others' awareness of the alleged defect to find that the defect was open and obvious to all.[99]

## IV. Analysis

Defendants contend that they are entitled to summary judgment because the location of the speaker above the stinger rack was open and obvious and did not create an unsafe and unreasonable risk of harm.[100] Defendants also argue that a clearly marked iron plate painted bright yellow on

---

[93] *Id.*

[94] *Id.*

[95] *Walker v. Union Oil Mill, Inc.*, 369 So. 2d 1043, 1047 (La. 1979)

[96] *George*, 464 F. App'x at 301.

[97] *Butler*, 636 F. App'x at 219.

[98] *Broussard*, 113 So. 3d at 188.

[99] *Butler*, 636 F. App'x at 219.

[100] Rec. Doc. 62-1 at 9.

the deck of the platform was open and obvious, could have been avoided by walking around it using reasonable care, and did not create an unreasonable risk of harm to the Plaintiff. [101] Accordingly, the Court will address each of these issues in turn.

A.     *Whether the Location of the Speaker Created an Unreasonable Risk of Harm*

First, Defendants argue that the location of the speaker above the stinger rack was open and obvious and did not create an unsafe and unreasonable risk of harm.[102]  In opposition, Plaintiff argues that there are disputed issues of material fact as to whether the location of the speaker created an unreasonably dangerous condition under the circumstances.[103]

Under Louisiana law, whether a dangerous condition is "open and obvious" is a question of fact.[104]  The Louisiana Supreme Court has "recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff."[105]  The Louisiana Supreme Court stated that to be considered open and obvious, the hazard "should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it."[106]  Whether a hazard is open and obvious

---

[101] *Id.*

[102] *Id.*

[103] Rec. Doc. 73 at 14.

[104] *Broussard*, 113 So. 3d at 185.

[105] *Eisenhardt*, 8 So. 3d at 544.

[106] *Broussard*, 113 So. 3d at 184.

to everyone is determined in light of the "the facts and circumstances of a particular case."[107] Accordingly, the trier of fact determines whether or not a defect is unreasonably dangerous.[108]

The Louisiana Supreme Court applied the framework above in *Broussard v. State ex rel. Office of State Bldgs.*[109] There, a delivery driver filed suit for injuries he sustained when an offset elevator prevented him from pushing a dolly into an elevator.[110] The defendant argued that the misaligned elevator was an open and obvious hazard and thus did not present a risk of serious harm.[111] The court concluded that there was a reasonable factual basis to support the trial jury's finding that the elevator's condition was not open and obvious to all who may have encountered it.[112]

On the other hand, the Louisiana Supreme Court cautioned that *Broussard* "should not be construed as precluding summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous."[113] In deciding a motion for summary judgment under Louisiana law, "the court *can* decide that a condition does not present an unreasonable risk of harm, as a matter of law."[114] For example, in *Allen v.*

---

[107] *Id.*

[108] *Id.* at 183–85.

[109] *Id.*

[110] *Id.* at 179.

[111] *Id.* at 181.

[112] *Id.* at 179.

[113] *Bufkin*, 171 So.3d at 859 n. 3; *see also Allen*, 156 So. 3d at 652-53 ("Any reading of *Broussard* interpreting it as a limit on summary judgment practice involving issues of unreasonable risk of harm is a misinterpretation of the *Broussard* case.").

[114] *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 412 (5th Cir. 2017).

*Lockwood*, the Louisiana Supreme Court held that the district court erred in denying a defendant's motion for summary judgment.[115] There, a pedestrian was struck while walking in a church's unpaved grassy area, which was being used as a parking lot, by a church member's vehicle.[116] The court determined that the pedestrian "failed to produce *any* evidence to . . . demonstrate how the alleged defects [of the parking area] caused the accident. Moreover, [the pedestrian] could not even say what the church defendants did to cause the accident."[117] Therefore, the Louisiana Supreme Court reversed the district court's order denying summary judgment because there was "no genuine issue as to whether the parking area was unreasonably dangerous."[118]

Here, there are questions of fact in dispute regarding whether the location of the speaker created an open and obvious hazard. Plaintiff alleged he was injured because the placement of the speaker above the stinger rack interfered with the use the crane to return the stingers to the rack.[119] Unlike in *Allen*, where the plaintiff failed to produce any evidence to demonstrate how defendant's actions or the parking lot's defects caused her injuries, Plaintiff here has provided evidence to show that Defendants' conduct contributed to Plaintiff's injuries. For example, Plaintiff provides the post-accident Investigation Report, which lists as one of the "Root Cause(s)" of the accident "[t]he position of the overhead speaker causes conflict when lifting slings with the crane, and sling

---

[115] *Allen*, 156 So. 3d at 653.

[116] *Id.* at 651.

[117] *Id.* at 653 (emphasis in original).

[118] *Id.*

[119] Rec. Doc. 73 at 2.

rack could be lowered as to aid in the proper manual handling of slings."[120] The post-accident Investigation Report also recommended "discuss[ing] . . . moving the speaker to a different location on platform."[121] Accordingly, the Court finds that Plaintiff has provided evidence to support his assertion that the location of the speaker caused his injuries.

While the physical presence of the speaker on the platform was open and obvious, there are issues of fact in dispute regarding whether the potential danger of the speaker was apparent. In his deposition, Plaintiff testified that it was not until all the cargo baskets were received and the stinger needed to be replaced on the rack that he recognized that the speaker was located above the singer rack, interfering with use of the crane.[122] Further, Plaintiff states in his deposition that he was not present at the start of operation, making the potential hazard posed by the speaker less apparent to him.[123] "[I]t is the *defect* or *dangerous condition* of the thing that must be open and obvious, not merely the thing itself."[124] While the speaker in and of itself was plainly visible, a reasonable jury could conclude that it was not "open and obvious" that the location of the speaker would create a dangerous condition.

---

[120] Rec. Doc. 73-2 at 6.

[121] *Id.* at 8.

[122] Rec. Doc. 73-8 at 2.

[123] Rec. Doc. 73-8 at 2.

[124] *LeBlanc v. City of Abbeville*, 2018-206 (La. App. 3 Cir. 10/17/18), 259 So.3d 372, 384 (emphasis in original).

Defendants argue that based on the reasoning in *Dauzat*,[125] the location of the speaker above the stinger rack did not create an unreasonable risk of harm.[126] In *Dauzat*, a logging truck driver injured his back when he drove his truck over a hole.[127] The court concluded that based on the driver's experience driving logging trucks, the presence of the hole was an obvious danger and therefore was not an unreasonable risk of harm.[128] Defendants argue that, like the plaintiff in *Dauzat*, Plaintiff had years of experience working in his industry and knew of the risks associated with manually lifting the stinger; therefore, the condition was open and obvious.[129] *Dauzat* is distinguishable from the present matter because the generally poor conditions of logging roads are an open and obvious risk to *all* who encounter the roads, not just professional truck drivers. Here, the location of the speaker does not present an immediately obvious risk to users of the crane in the same way that a rut in a muddy road does. Rather, the potential danger of the speaker is not apparent to all who may encounter it; the danger only becomes apparent once the crane is operational. Based on the evidence presented, the Court finds that genuine issues of material fact remain as to whether the speaker created an unreasonable risk of harm; therefore, summary judgment is denied.

---

[125] 08–0528 (La.12/2/08), 995 So. 2d 1184.

[126] Rec. Doc. 62-1. at 12.

[127] 08–0528 at p. 2 (La.12/2/08), 995 So. 2d 1184 at 1185.

[128] *Id.* at 1185–86.

[129] Rec. Doc. 62-1. at 18.

***B.    Whether the Iron Plate Created an Unreasonable Risk of Harm***

Next, Defendants argue that the iron plate on the pathway of the platform that Plaintiff allegedly tripped over did not create an unreasonable risk of harm because it was an open and obvious condition.[130] Defendants argue that because the plate was clearly labeled and marked, it provided adequate warning of an open and obvious condition to all individuals who may have encountered it.[131] In opposition to Defendants' motion for summary judgment, Plaintiff attaches the affidavit of expert witness, Mr. Borison, who attested that the manner in which Defendants addressed the iron plate covering the hole on the platform was insufficient to abate the hazard and that Defendants should have used a thinner plate.[132]

"Summary judgment is proper only where no duty exists as a matter of law and no factual or credibility disputes exists."[133] Under Louisiana law, when a condition is deemed "open and obvious" it does not, as a matter of law, constitute an unreasonably dangerous condition.[134] Therefore, "defendants generally have no duty to protect against an open and obvious hazard."[135]

The facts presented here are distinguishable from those addressed by the Fifth Circuit in *George v. Nabors Offshore Corp.*[136] In *George*, a plaintiff was injured when he tripped over hoses

---

[130] Rec. Doc. 62-1. at 19.

[131] Rec. Doc. 88 at 9.

[132] Rec. Doc. 73 at 20 (citing Rec. Doc. 73-4 at 8).

[133] *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716 (La. App. 3 Cir. 6/23/99); 742 So. 2d 18, 10–11.

[134] *George*, 464 F. App'x at 301; *see also Bufkin*, 171 So. 3d at 856; *Eisenhardt*, 8 So. 3d at 544–45.

[135] *Eisenhardt*, 8 So. 3d at 544.

[136] 464 F. App'x 298 (5th Cir. 2012).

while working on an offshore platform.[137] In affirming the district court's grant of summary judgment, the Fifth Circuit found that "any reasonable person walking over the hoses would have realized their potential danger."[138] Furthermore, the Court noted that the plaintiff had 18 years of experience working on offshore platforms and that the danger posed by hoses piled on a platform "was particularly obvious to [the plaintiff] considering his considerable offshore platform experience."[139] The plaintiff also admitted that he had seen the hoses, and knew they posed a potential danger.[140]

Here, Plaintiff admits to seeing the iron plate.[141] Plaintiff also testified that he had more than 25 years of experience unloading equipment from a boat to a platform.[142] However, "[t]he open and obvious inquiry [] focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge."[143] Accordingly, Plaintiff's knowledge of the existence of the iron plate does not make it "open and obvious" such that Defendants owe him no duty. Rather, the complained of condition must be "apparent to all who encounter" it.[144] While Plaintiff's knowledge of the plate

---

[137] *Id.*

[138] *George*, 464 F. App'x at 300.

[139] *Id.* at 301.

[140] *Id.* at 300–01.

[141] Rec. Doc. 62-2 at 117–28.

[142] Rec. Doc. 62-2 at 38–39.

[143] *Broussard*, 113 So. 3d at 188.

[144] *Id.*

is relevant evidence that the condition was observable, it is not dispositive of whether the condition was known to all.

Although the iron plate was visible and painted yellow, a reasonable jury could find that because it was elevated above the surface and because it was ground-level, it was not an open and obvious hazard.[145] The facts here are distinguishable from cases where a condition was "visible to all," such as a dumpster[146] or a shopping cart.[147] Here, similar to the misaligned elevator in *Broussard*, the question of whether the iron plate was an open and obvious hazard is a genuine question of material fact. Furthermore, a reasonable jury could conclude that the iron plate is unreasonably dangerous under risk-utility balancing test adopted by the Louisiana courts. Therefore, the Court finds that genuine issues of material fact remain as to whether the iron plate created an unreasonable risk of harm, which renders this case inappropriate for summary judgment.

In Louisiana, the existence of a duty is a question of law.[148] "Although duty is a question of law, Louisiana courts do not grant summary judgment on the issue of duty where factual disputes exist or where credibility determinations are required."[149] The Court cannot resolve the duty inquiry until the trier of fact determines whether the condition in question was unreasonably

---

[145] *See, e.g.*, *Cox v. Baker Distributing Company, L.L.C.*, 51,587 (La. App. 2nd Cir. 9/27/17); 244 So.3d 681, 685-686, writ denied, 2017-1834 (La. 1/9/18), 231 So.3d 649 (holding that whether the lack of a permanent dock plate was an open and obvious hazard is an issue of fact and therefore summary judgment was improper).

[146] *Bufkin*, 171 So. 3d at 858.

[147] *Rodriguez v. Dolgencorp, LLC*, 2014-1725 (La. 11/14/14); 152 So. 3d 871, 872 (per curiam).

[148] *See, e.g.*, *Harris v. Pizza Hut of La., Inc.*, 455 So. 2d 1364, 1371 (La. 1984) ("Duty is a question of law.").

[149] *Bass v. Superior Energy Servs. Inc.*, No. 13-5175, 2015 WL 460378, at *10 (E.D. La. Feb. 3, 2015) (Brown, J.)).

dangerous. The question of whether a condition is unreasonably dangerous, and therefore imposes a duty on the defendants, is a factual inquiry reserved for the jury. Because genuine issues of material fact must be resolved before the Court can answer the legal question of whether Defendants owed a duty to Plaintiff, this matter cannot be resolved on summary judgment.

## V. Conclusion

Based on the foregoing, the Court finds that summary judgment is not appropriate at this stage. Plaintiff puts forth evidence demonstrating disputes of material fact regarding whether the location of the speaker and the iron plate were open and obvious such that they did not create a risk of material harm.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment [150] filed by Defendants Energy XXI GOM, LLC and Energy XXI Services, LLC is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 16th day of September, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[150] Rec. Doc. 62.

24